NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-257

VEENA SHARMA

vs.

COUNTY MORTGAGE, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The pro se plaintiff, Veena Sharma, appeals following an unsuccessful petition for single justice relief after a judge of the Superior Court denied her request for a preliminary injunction.  See G. L. c. 231, § 118, first par.  We affirm.

Background.  In January 2024, the plaintiff filed a complaint in the Superior Court seeking to enjoin the defendant from proceeding with a scheduled foreclosure sale.  A judge denied the plaintiff's request for a preliminary injunction on January 17, 2024, and the foreclosure sale proceeded the next day.

After the foreclosure sale, the plaintiff filed in the Superior Court a notice of appeal from the denial of the request

for a preliminary injunction.  She then filed a petition under G. L. c.  231, § 118, seeking single justice review of the denial of the preliminary injunction.  A single justice of this court denied the plaintiff's petition on February 16, 2024, concluding that, because the foreclosure she sought to enjoin had already happened, the petition was moot.

On February 21, 2024, the plaintiff filed a notice of appeal from the single justice's order.  On February 23, 2024, a different single justice (second single justice) struck the February 21 notice of appeal on the ground that there is no right of appeal from the denial of a petition under G. L. c. 231, § 118, first par.  The second single justice noted that her order had no effect on the notice of appeal filed in the Superior Court.  The plaintiff then sought review of the second single justice's order.

Discussion.  Only the propriety of the second single justice's order is properly before this panel.  We review the second single justice's action for error of law or abuse of discretion.  See Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010).  "An abuse of discretion occurs when a judge makes a clear error in weighing the relevant factors such that the decision 'falls outside the range of reasonable alternatives.'"  Commonwealth v. Kalila, 493 Mass.

2

636, 641 (2024), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The second single justice correctly concluded that the order identified in the notice of appeal was not appealable.  It is well settled that "there is no right of appeal from the denial of a petition under the first paragraph of [G. L. c. 231,] § 118."  McMenimen v. Passatempo, 452 Mass. 178, 189 (2008).  We perceive no error.

February 23, 2024 order of the single justice affirmed.

By the Court (Massing, Hand & Hershfang, JJ.[1]),

*Paul Little*

Clerk

Entered:  August 18, 2025.

---

[1] The panelists are listed in order of seniority.

3